**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**JULIO PAREDES, 91-A-7695,**

                            **Plaintiff,**                        **04-CV-0293(Sr)**

**v.**

**SGT. MARTINEZ, et al.,**

                            **Defendants.**

---

## DECISION AND ORDER

In accordance with 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct all further proceedings in this case, including entry of final judgment. Dkt. #10.

Plaintiff commenced this action, *pro se*, seeking damages pursuant to 42 U.S.C. § 1983, alleging that while incarcerated at the Attica Correctional Facility, he was assaulted by a corrections officer and subjected to retaliation, consisting of denial of use of the law library, denial of access to medical care, inadequate medical care, improper release of medical records and deliberate mis-translation of complaints by the facility's Spanish interpreter, for filing a grievance against the officer. Dkt. #4.

By letter dated August 6, 2007, plaintiff's appointed counsel advised that he had lost contact with his client upon his release from the Clinton Correctional Facility[1] and requested that the Assistant Attorney General inquire with the Division of Parole as

---

[1] DOCS' Inmate Information Service indicates that plaintiff was released from the Clinton Correctional Facility on June 22, 2007. *See* http://nysdocslookup.docs.state.ny.us.

to an address for plaintiff.  The Assistant Attorney General provided plaintiff's appointed counsel with an address for plaintiff and the Court granted an extension of the Case Management Order to permit plaintiff's appointed counsel to contact his client and move forward with discovery.  Dkt. ##48 & 49.  At a status conference on February 21, 2008, the Assistant Attorney General indicated his desire to schedule plaintiff's deposition, at which time plaintiff's appointed counsel explained that he was having difficulty contacting plaintiff.

Defendants scheduled plaintiff's deposition for April 17, 2008.  Dkt. #57, ¶ 7.  On April 16, 2008, plaintiff's appointed counsel advised the Assistant Attorney General that he had not heard from plaintiff and did not expect him to appear for the deposition.  Dkt. #57, ¶ 10.  Plaintiff did not appear for the deposition as scheduled.  Dkt. #57, ¶ 14.

Defendants move to dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  Dkt. #56.  The Court directed plaintiff to respond to this motion no later than May 9, 2008.  Dkt. #58.  Plaintiff has not filed a response.

> Rule 41(b) of the Federal Rules of Civil Procedure provides that
>
> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

In light of plaintiff's initial failure to apprise either the Court or his attorney of his current address, his apparent reluctance to maintain communication with his court appointed

attorney, his failure to attend his deposition as scheduled on April 17, 2008 and his failure to respond to defendants' motion to dismiss, the Court finds that plaintiff has failed to prosecute his claim.  Accordingly, the Court hereby exercises its discretion, pursuant to Fed. R. Civ. P. 41(b), to dismiss this action for failure to prosecute.

**SO ORDERED.**

**DATED:    Buffalo, New York
            October 2, 2008**

                                                              s/ H. Kenneth Schroeder, Jr.
                                                              **H. KENNETH SCHROEDER, JR.
                                                              United States Magistrate Judge**